UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CODY STAYLER, individually and on behalf of similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ROHOHO, INC., | ) ) ) |
| Defendant. | ) |

Case No. __2:16-cv-1235-RMG__

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Cody Stayler, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendant, alleges as follows:

1. Defendant RoHoHO, Inc. (hereinafter "RHH") operates approximately 55 Papa John's franchise stores in states including South Carolina, Kentucky and Florida. RHH employs delivery drivers who use their own automobiles to deliver pizza and other food items to its customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, RHH uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff Cody Stayler brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid minimum wages owed to him and similarly situated delivery drivers and non-supervisory employees employed by RHH at its Papa John's stores.

**Jurisdiction and Venue**

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because RHH maintains its principal place of business in this District, RHH operates Papa John's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

5. Defendant RoHoHO, Inc. is a South Carolina company maintaining its principal place of business at 1479 Tobias Gadson, Charleston, South Carolina, which is located within the Charleston Division of the District of South Carolina. RHH operates a chain of Papa John's restaurants in states including South Carolina, Kentucky and Florida, and is deemed an employer under the FLSA.

6. Plaintiff Cody Stayler, a resident of Berkeley County, South Carolina, is and has been employed by RHH since about October 2015 as a delivery driver at RHH's Papa John's store located at 1525 Old Trolley Road in Summerville, South Carolina. He was also previously employed as a delivery driver at RHH's Papa John's store at the same location from June/July 2012 to March/April 2014. Plaintiff Stayler's consent to pursue this claim under the FLSA is attached to his original Complaint as "Exhibit 1."

**General Allegations**

*RHH's Business*

7. RHH owns and operates approximately 55 Papa John's franchise stores in states including South Carolina, Kentucky and Florida

8. RHH's Papa John's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes and workplaces.

*RHH's Flawed Automobile Reimbursement Policy*

9. RHH requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

10. RHH's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of RHH.

11. RHH's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of RHH's delivery drivers.

12. The result of RHH's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

13. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.54 and $0.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan was between $0.57 and $.608 per mile between 2011 and 2015 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

14. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation

3

from driving as much as, and in the manner of, a delivery driver. RHH's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

15. RHH's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus RHH uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for RHH's benefit.

16. RHH's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to RHH such that the hourly wages it pays to Plaintiff and RHH's other delivery drivers are not paid free and clear of all outstanding obligations to RHH.

17. RHH fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

18. In sum, RHH's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***RHH's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

19. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, RHH's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

4

20. Plaintiff Stayler has been paid as much as $7.75 per hour during his employment with RHH, including a tip credit applied to the time he spent delivering pizzas.

21. The federal minimum wage has been $7.25 per hour since July 24, 2009. http://www.dol.gov/whd/minwage/chart.htm.

22. Since his re-hire about January 2016, the per-delivery reimbursement rate at the store where Plaintiff Stayler works has been approximately $1.00 per delivery.

23. Throughout his employment with RHH, Plaintiff Stayler has experienced an average round-trip delivery distance of about 5 miles per delivery.

24. Thus, during the applicable limitations period, RHH's average effective reimbursement rate for Plaintiff Stayler has been approximately $0.20 per mile ($1.00 per delivery / 5 average miles per delivery).

25. During this same time period, the IRS business mileage reimbursement rate has ranged between $.54 and $0.575 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the IRS rate as a reasonable approximation of Plaintiff Stayler's automobile expenses, every mile driven on the job decreases his net wages by approximately $0.34 ($.54 - $0.20) per mile. Considering Plaintiff Stayler's estimate of about 5 average miles per delivery, RHH under-reimburses him about $1.70 per delivery ($0.34 x 5 miles).

26. During his employment by RHH, Plaintiff Stayler has typically averaged about 2 deliveries per hour.

27. Thus, based on the IRS rate, Plaintiff Stayler has consistently "kicked back" to RHH approximately $3.40 per hour ($1.70 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $4.35 ($7.75 per hour - $3.40 kickback) or less.

5

28. All of RHH's delivery drivers have had similar experiences to those of Plaintiff. They have been subject to the same reimbursement policy; have received similar reimbursements; have incurred similar automobile expenses; have completed deliveries of similar distances and at similar frequencies; and have been paid at or near the federal minimum wage before deducting unreimbursed business expenses.

29. Because RHH has paid its drivers a gross hourly wage at precisely, or at least close to, the federal minimum wage, and because the delivery drivers have incurred unreimbursed automobile expenses, the delivery drivers have "kicked back" to RHH an amount sufficient to cause minimum wage violations.

30. While the amount of RHH's actual reimbursements per delivery may vary over time, RHH relies on the same flawed policy and methodology with respect to all delivery drivers at all of its other Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

31. RHH's low reimbursement rates have been a frequent complaint of at least some of RHH's delivery drivers, including Plaintiff, yet RHH has continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

32. The net effect of RHH's flawed reimbursement policy is that it willfully fails to pay the federal minimum wage to its delivery drivers. RHH thereby enjoys ill-gained profits at the expense of its employees.

**Collective Action Allegations**

33. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

34. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

35. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging RHH's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from RHH's records, and potential class members may be notified of the pendency of this action via mail.

36. Plaintiff and all of RHH's delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for RHH delivering pizza and other food items to RHH's customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by RHH;

   c. RHH has required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They have incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of RHH;

   e. They have been subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. They have been subject to the same pay policies and practices of RHH;

   g. They have been subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

  h.  They have been reimbursed similar set amounts of automobile expenses per delivery;

  i.  They have been paid at or near the federal minimum wage before deducting unreimbursed business expenses; and

  j.  They have been subjected to the same tip credit.

### Count I: Violation of the Fair Labor Standards Act of 1938

37. Plaintiff reasserts and re-alleges the allegations set forth above.

38. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

39. RHH is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

40. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

41. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

42. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

43. As alleged herein, RHH has reimbursed delivery drivers less than the reasonably approximate amount of its automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

44. RHH knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

45. RHH, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

46. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in RHH's stores.

47. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because RHH acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

48. RHH acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find RHH is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

49. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by RHH from Plaintiff and all

similarly situated employees. Accordingly, RHH is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against RHH and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: April 21, 2016                                     Respectfully submitted,

                                                          */s/ Jonathan Lane*
                                                          Terry Ann Rickson, Fed. Bar No. 3462
                                                          Jonathan G. Lane, Fed. Bar No. 12167
                                                          TERRY ANN RICKSON, ESQ., INC.
                                                          102 Wappoo Creek Drive, No. 8
                                                          Charleston, South Carolina 29412
                                                          Telephone:    (843) 722-1500
                                                          Facsimile:    (843) 722-7080
                                                          Email:        jonathan@ricksonlaw.com

**PAUL McINNES LLP**                                      **WEINHAUS & POTASHNICK**
Jack D. McInnes (MO Bar #56904)                           Mark A. Potashnick (MO Bar # 41315)
(*pro hac vice* application forthcoming)                  (*pro hac vice* application forthcoming)
601 Walnut, Suite 300                                     11500 Olive Blvd., Suite 133
Kansas City, Missouri 64106                               St. Louis, Missouri 63141
Telephone: (816) 984-8100                                 Telephone:(314) 997-9150
Facsimile: (816) 984-8101                                 Facsimile: (314) 997-9170
mcinnes@paulmcinnes.com                                   markp@wp-attorneys.com

### ATTORNEYS FOR PLAINTIFF