**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Cody Stayler, individually and on behalf of others similarly situated, | Case No.: 2:16-cv-1235-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Rohoho, Inc., | |
| Defendant. | |

This matter is before the Court on the Parties' second renewed joint motion for settlement approval. (Dkt. No. 23). For the reasons set forth below, the Court grants the motion.

**I.   Background**

This is the third joint motion for settlement approval submitted by the Parties. Plaintiff Cody Stayler was employed as a pizza delivery driver by Defendant Rohoho, Inc., a locally owned Papa John's franchise. In addition to wages and tips, Plaintiff received additional compensation per delivery to cover any vehicle related expenses. Plaintiff filed this lawsuit alleging that the additional compensation failed to fully compensate him for vehicle related expenses such that his take home pay fell below minimum wage. The Complaint included one claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Since filing the Complaint, six individuals have joined the case as opt-in Plaintiffs. Because the FLSA requires Court approval for settlements, on November 28, 2018, the Parties jointly moved to approve the settlements. (Dkt. No. 13.) This Court, however, in ruling on the motion, found various deficiencies with the proposed agreements. (Dkt. No. 15.) The Parties renewed their joint motion to approve the settlements (Dkt. No. 21.), which this Court again denied without prejudice, finding that attorneys' fee of $26,202.28, representing over 43% of the settlement amount, was not reasonable and compromised the fairness and reasonableness of the FLSA settlement. (Dkt. No. 22.)

The Parties, following the Court's instructions, entered new agreements providing a total of $15,000 in attorneys' fees and $2,202.29 in costs, and $42,797.71 in compensation for the Plaintiffs. (Dkt. No. 32-2.) Given the new agreements, the Parties have again renewed their motion for settlement approval. (Dkt. No. 23.)

## II. Legal Standard

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions and federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir.1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III. Discussion

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorneys' fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and

reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md. 2013). Plaintiffs allege Defendants failed to pay them certain wages in violation of the FLSA, and Defendants deny those allegations. A bona fide dispute exists.

This Court has previously articulated the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) *citing Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. 2009).[1]

As this Court held in its prior order (Dkt. No. 22), the Parties provided the Court with sufficient facts to assess the fairness and reasonableness of the settlements. (Dkt. Nos. 21 at 3 – 1; 21-2 – 21-7.) The Parties ultimately agreed to an additional payment of $.19 per mile, which equates to an overall reimbursement rate of $.38 per mile.[2] (Dkt. No. 23-2.) This represents approximately 56% of the Plaintiffs' initially claimed damages.[3] (Dkt. No. 21 at 6.) This is

---

[1] The factor considering class counsel and class members are not relevant here where the case is not proceeding as a collective action. Instead, each of the Plaintiffs signed a separate agreement.

[2] For instance, Plaintiff Stayler is now receiving a $18,988.28 recovery / 99,960.84 miles driven = $.19 additional reimbursement. (Dkt. No. 21 at 3.)

[3] Plaintiffs initially requested a reimbursement rate of $.54 per mile based on IRS mileage rates, which is $.35 above the actual initial reimbursement rate of $.19 per mile. (Dkt. No. 21 at 5 – 6.)

notably a larger share than has been approved in similar pizza delivery settlement cases. *See Jimenez v. Pizzerias, LLC*, 2017 U.S. Dist. LEXIS 129820, *11 (S.D. Fla. Aug. 14, 2017) (approving settlement representing 44% recovery, or $224,934.98 / $508,146.64, after taking into account attorneys' fees and costs).

Sufficient discovery has taken place here as the Defendants produced the pay and time records of each of the Plaintiffs. (Dkt. No. 21 at 3.) Further, the litigation has a comparatively long history and was affected by an intervening change in law that prevented the case from proceeding as a collective action. The Parties also engaged in arms-length settlement discussions. Given the length of time, the discovery exchanged and the extent to which both Parties' attorneys are familiar with the case, they are in a good position to evaluate their claims and defenses and the likelihood of success at trial. There is no evidence of fraud or collusion. As explained in the Parties' filings, all counsel in this case have extensive experience with FLSA litigation, with Plaintiffs' counsel specializing in vehicle reimbursement litigation. (Dkt. No. 21 at 8 – 10.) The Parties' experienced counsel believe the settlement represents a fair and reasonable compromise. (*Id.*) Finally, the Parties disagree as to the likelihood of success on the merits of the case and presented at least one case calling into doubt the use of the IRS standard business mileage rate when calculating expenses at the summary judgment stage, which could potentially impact the Plaintiffs' recovery. (*Id.* at 4 – 5.) In light of the stage of litigation, absence of fraud, the ultimate settlement amount, experience of counsel, and uncertainties as to success on the merits, the Court finds the settlement amount to be fair and reasonable.

Further, the attorneys' fees provisions are now reasonable and permissible under the FLSA. The settlement amount, independent of the attorneys' fees and costs, is now fair and reasonable under the FLSA. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires

judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). Further, reviewing the twelve factors articulated by *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), the proposed attorneys' fees are reasonable. (1) Plaintiffs' attorneys and paralegals expended over 124.9 hours litigating and arbitrating the claims (Dkt. No. 21-3 at ¶¶ 18 – 19); (2) while the questions ultimately were not novel, the case was difficult given the issuance of a Supreme Court decision affecting the Plaintiff's claim while arbitration was pending; (3) the negotiation of this settlement required skilled counsel given the intervening Supreme Court decision and the decisions of this Court; (4) the Court does not have sufficient information to determine the extent of opportunity costs for Plaintiffs' counsel; (5) the customary fee for 124.9 hours of legal work generally far exceeds $15,000; (6) the attorneys' initially expected a 40% contingency fee, which would have amounted to $24,000; (7) the Court does not have any information regarding imposed time limitations; (8) Plaintiffs will recover approximately 56% of the amount in controversy; (9) Plaintiffs' counsel has extensive experience and success in pursuing vehicle reimbursement FLSA litigation; (10) there is no indication this case was particularly undesirable; (11) this case was first filed on April 21, 2016, and therefore Plaintiffs' attorney and Plaintiffs have a longstanding relationship; (12) if measured as a percentage of the settlement, the attorneys' fee is commensurate with awards in similar cases.[4] Therefore, under the *Barber* factors, the proposed attorneys' fees are reasonable. Finally, when checked against Plaintiffs' attorneys' purported lodestar of $49,996.50, it is clear that attorneys' fees of $15,000 are reasonable here.

---

[4] *See Jimenez v. Pizzerias, LLC*, 2017 U.S. Dist. LEXIS 129820, *11 (S.D. Fla. Aug. 14, 2017) (recognizing in pizza delivery driver common fund case that courts have "frequently awarded attorney fees between twenty-five and thirty-six percent....").

Finally, the Court finds that Plaintiffs' submission of $2,209.29 in out of pocket costs incurred during the litigation is reasonable given the number of Plaintiffs' and length of litigation. (Dkt. No. 21 at 12 – 13.)

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Parties' second renewed joint motion to approve settlement (Dkt. No. 23) and the action is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 4, 2019
Charleston, South Carolina